AO 245B  (Rev. 09/11) Judgment in a Criminal Case
Sheet 1   Revised by WAED - 06/13

FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Apr 23, 2015

SEAN F. McAVOY, CLERK

# UNITED STATES DISTRICT COURT
## Eastern District of Washington

UNITED STATES OF AMERICA
**V.**
JUAN REYES CORREA

**JUDGMENT IN A CRIMINAL CASE**

Case Number:    2:13CR02092-LRS-1

USM Number:    16836-085

Alfredo R. Lopez
Defendant's Attorney

**THE DEFENDANT**:

☑ pleaded guilty to count(s)   1 and 2 of the Indictment

☐ pleaded nolo contendere to count(s) _____ which was accepted by the court.

☐ was found guilty on count(s) _____ after a plea of not guilty.

The defendant is adjudicated guilty of these offenses:

| Title & Section | Nature of Offense | Offense Ended | Count |
|---|---|---|---|
| 18 U.S.C. §§ 371 and 1167(b) | Conspiracy to Steal Casino Funds in Excess of $1,000 | 02/06/13 | 1 |
| 18 U.S.C. § 1168(b) | Theft by Employee of a Gaming Establishment in Excess of $1,000 | 05/15/13 | 2 |

The defendant is sentenced as provided in pages 2 through   8   of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐ The defendant has been found not guilty on count(s) _____

☑ Count(s)   all remaining    ☐ is   ☑ are   dismissed on the motion of the United States.

It is ordered that the defendant must notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States attorney of material changes in economic circumstances.

4/21/2015
Date of Imposition of Judgment

*/s/ Lonny R. Suko*
Signature of Judge

The Honorable Lonny R. Suko         Senior Judge, U.S. District Court
Name and Title of Judge

4/23/2015
Date

DEFENDANT: JUAN REYES CORREA
CASE NUMBER: 2:13CR02092-LRS-1

# IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of:

5 months on Count 1 and 5 months on Count 2, to run concurrent.

☑ The court makes the following recommendations to the Bureau of Prisons:

1) Participation in the United States Bureau of Prisons' Inmate Financial Responsiblity Program.

☐ The defendant is remanded to the custody of the United States Marshal.

☑ The defendant shall surrender to the United States Marshal for this district:

   ☑ at   12:00   ☐ a.m.   ☑ p.m.   on   4/24/2015   .

   ☐ as notified by the United States Marshal.

☐ The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:

   ☐ before 2 p.m. on   _____   .

   ☐ as notified by the United States Marshal.

   ☐ as notified by the Probation or Pretrial Services Office.

# RETURN

I have executed this judgment as follows:




Defendant delivered on _____ to _____
at _____, with a certified copy of this judgment.


_____
UNITED STATES MARSHAL

By _____
DEPUTY UNITED STATES MARSHAL

AO 245B    (Rev. 09/11) Judgment in a Criminal Case
       Sheet 3 — Supervised Release

DEFENDANT: JUAN REYES CORREA
CASE NUMBER: 2:13CR02092-LRS-1

Judgment—Page 3 of 8

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of :

   3 years on each count, to run concurrent.

    The defendant must report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

The defendant shall not commit another federal, state or local crime.

The defendant shall not unlawfully possess a controlled substance. The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.

☐ The above drug testing condition is suspended, based on the court's determination that the defendant poses a low risk of future substance abuse. *(Check, if applicable.)*

☑ The defendant shall not possess a firearm, ammunition, destructive device, or any other dangerous weapon. *(Check, if applicable.)*

☑ The defendant shall cooperate in the collection of DNA as directed by the probation officer. *(Check, if applicable.)*

☐ The defendant shall comply with the requirements of the Sex Offender Registration and Notification Act (42 U.S.C. § 16901, *et seq*.) as directed by the probation officer, the Bureau of Prisons, or any state sex offender registration agency in which he or she resides, works, is a student, or was convicted of a qualifying offense. *(Check, if applicable.)*

☐ The defendant shall participate in an approved program for domestic violence. *(Check, if applicable.)*

    If this judgment imposes a fine or restitution, it is a condition of supervised release that the defendant pay in accordance with the Schedule of Payments sheet of this judgment.

    The defendant must comply with the standard conditions that have been adopted by this court as well as with any additional conditions on the attached page.

## STANDARD CONDITIONS OF SUPERVISION

1) the defendant shall not leave the judicial district without the permission of the court or probation officer;

2) the defendant shall report to the probation officer in a manner and frequency directed by the court or probation officer;

3) the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;

4) the defendant shall support his or her dependents and meet other family responsibilities;

5) the defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons;

6) the defendant shall notify the probation officer at least ten days prior to any change in residence or employment;

7) the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;

8) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;

9) the defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer;

10) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;

11) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;

12) the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court; and

13) as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

DEFENDANT: JUAN REYES CORREA
CASE NUMBER: 2:13CR02092-LRS-1

## SPECIAL CONDITIONS OF SUPERVISION

14. You shall participate in the home confinement program for a period of 5 months for each count, to run concurrent. You shall abide by all the requirements of the program, which will include electronic monitoring or other location verification system. You shall pay all or part of the costs of the program based upon your ability to pay.

15. You shall be restricted from employment in a role than includes any fiduciary duty unless the employer is made fully aware of your offense of conviction and provides written verification to the supervising officer that they have been notified of such information. In addition, you shall allow the employer, with whom you have a fiduciary duty, to communicate freely with your supervising officer regarding your employment.

16. You shall provide the supervising officer with access to any requested financial information, including authorization to conduct credit checks and obtain copies of your federal income tax returns. You shall disclose all assets and liabilities to the supervising officer. You shall not transfer, sell, give away, or otherwise convey any asset, without the advance approval of the supervising officer.

17. You shall not incur any new debt, open additional lines of credit, or enter into any financial contracts, without the advance approval of the supervising officer.

AO 245B    (Rev. 09/11) Judgment in a Criminal Case
         Sheet 3C — Supervised Release

Case 2:13-cr-02092-LRS   Document 1771   Filed 04/23/15

Judgment—Page 4 of 8

DEFENDANT: JUAN REYES CORREA
CASE NUMBER: 2:13CR02092-LRS-1

# CRIMINAL MONETARY PENALTIES

The defendant must pay the total criminal monetary penalties under the schedule of payments on Sheet 6.

|  | **Assessment** | **Fine** | **Restitution** |
|---|---|---|---|
| **TOTALS** | $200.00 | $0.00 | $57,620.00 |

☐ The determination of restitution is deferred until _____. An *Amended Judgment in a Criminal Case* (AO 245C) will be entered after such determination.

☐ The defendant must make restitution (including community restitution) to the following payees in the amount listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid before the United States is paid.

| Name of Payee | Total Loss* | Restitution Ordered | Priority or Percentage |
|---|---|---|---|
| Yakama Nation Legends Casino | $57,620.00 | $57,620.00 | |
| **TOTALS** | $ 57,620.00 | $ 57,620.00 | |

☑ Restitution amount ordered pursuant to plea agreement   $ 57,620.00

☐ The defendant must pay interest on restitution and a fine of more than $2,500, unless the restitution or fine is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on Sheet 6 may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

☑ The court determined that the defendant does not have the ability to pay interest and it is ordered that:

☑ the interest requirement is waived for the   ☐ fine   ☑ restitution.

☐ the interest requirement for the   ☐ fine   ☐ restitution is modified as follows:

* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

(Rev. 09/11) Judgment in a Criminal Case
    Sheet 6 — Schedule of Payments

Judgment — Page 6 of 8

DEFENDANT: JUAN REYES CORREA
CASE NUMBER: 2:13CR02092-LRS-1

# SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties are due as follows:

**A** ☐ Lump sum payment of $ _____ due immediately, balance due

    ☐ not later than _____ , or
    ☐ in accordance ☐ C, ☐ D, ☐ E, or ☐ F below; or

**B** ☑ Payment to begin immediately (may be combined with ☐ C, ☐ D, or ☑ F below); or

**C** ☐ Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $ _____ over a period of _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after the date of this judgment; or

**D** ☐ Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $ _____ over a period of _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after release from imprisonment to a term of supervision; or

**E** ☐ Payment during the term of supervised release will commence within _____ (e.g., 30 or 60 days) after release from imprisonment. The court will set the payment plan based on an assessment of the defendant's ability to pay at that time; or

**F** ☑ Special instructions regarding the payment of criminal monetary penalties:

Defendant shall participate in the BOP Inmate Financial Responsibility Program. During the time of incarceration, monetary penalties are payable on a quarterly basis of not less than $25.00 per quarter.

While on supervised release, monetary penalties are payable on a monthly basis of not less than 10% of the defendant's net household income, whichever is larger, commencing 30 days after the defendant completes his home confinement period.

Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the following address until monetary penalties are paid in full: Clerk, U.S. District Court, Attention: Finance, P.O. Box 1493, Spokane, WA 99210-1493.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

☑ Joint and Several

Case Numbers (including defendant number) and Defendant and Co-Defendant Names, Total Amount, Joint and Several Amount, and corresponding payee, if appropriate.

| | | | |
|---|---|---|---|
| 2:13CR02092-LRS-2 Rosa M. Romero | $2,500.00 | $2,500.00 | Yakama Nation Legends Casino |
| 2:13CR02092-LRS-3 Jasmin R. Jiminez | $1,500.00 | $1,500.00 | Yakama Nation Legends Casino |
| 2:13CR02092-LRS-4 Eva D. Kaiser | $1,500.00 | $1,500.00 | Yakama Nation Legends Casino |

☐ The defendant shall pay the cost of prosecution.

☐ The defendant shall pay the following court cost(s):

☐ The defendant shall forfeit the defendant's interest in the following property to the United States:

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal, (5) fine interest, (6) community restitution, (7) penalties, and (8) costs, including cost of prosecution and court costs.

DEFENDANT: JUAN REYES CORREA
CASE NUMBER: 2:13CR02092-LRS-1

# ADDITIONAL DEFENDANTS AND CO-DEFENDANTS HELD JOINT AND SEVERAL

| Case Number Defendant and Co-Defendant Names (including defendant number) | Total Amount | Joint and Several Amount | Corresponding Payee, If appropriate |
|---|---|---|---|
| 2:13CR02092-LRS-5 Bricia Ayala | $2,500.00 | $2,500.00 | Yakama Nation Legends Casino |
| 2:13CR02092-LRS-6 Adriana C. Jimenez | $1,000.00 | $1,000.00 | Yakama Nation Legends Casino |
| 2:13CR02092-LRS-7 Ernesto Cipriano | $1,500.00 | $1,500.00 | Yakama Nation Legends Casino |
| 2:13CR02092-LRS-8 Ricardo Garcia | $2,500.00 | $2,500.00 | Yakama Nation Legends Casino |
| 2:13CR02092-LRS-9 Melinda S. Rivera | $1,500.00 | $1,500.00 | Yakama Nation Legends Casino |
| 2:13CR02092-LRS-10 Arnoldo G. Sanchez | $2,000.00 | $2,000.00 | Yakama Nation Legends Casino |
| 2:13CR02092-LRS-11 Arianna Rosales | $3,000.00 | $3,000.00 | Yakama Nation Legends Casino |
| 2:13CR02092-LRS-14 Florencia C. De Ortiz | $2,500.00 | $2,500.00 | Yakama Nation Legends Casino |
| 2:13CR02092-LRS-15 Raul Zaragoza Arella | $2,250.00 | $2,250.00 | Yakama Nation Legends Casino |
| 2:13CR02092-LRS-16 Kurtis J. Crowder | $2,500.00 | $2,500.00 | Yakama Nation Legends Casino |
| 2:13CR02092-LRS-17 Daniel J. Zuniga | $1,500.00 | $1,500.00 | Yakama Nation Legends Casino |
| 2:13CR02092-LRS-18 Crystal Garza | $1,000.00 | $1,000.00 | Yakama Nation Legends Casino |
| 2:13CR02092-LRS-19 Alberto Garza, Jr. | $1,000.00 | $1,000.00 | Yakama Nation Legends Casino |
| 2:13CR02092-LRS-20 Samuel Espinoza | $500.00 | $500.00 | Yakama Nation Legends Casino |
| 2:13CR02092-LRS-21 Exmeralda Garcia | $2,500.00 | $2,500.00 | Yakama Nation Legends Casino |
| 2:13CR02092-LRS-22 Victor D. Gaona, Jr. | $1,500.00 | $1,500.00 | Yakama Nation Legends Casino |
| 2:13CR02092-LRS-23 Omar Zavala | $1,000.00 | $1,000.00 | Yakama Nation Legends Casino |
| 2:13CR02092-LRS-24 Alejandro Arellano | $750.00 | $750.00 | Yakama Nation Legends Casino |
| 2:13CR02092-LRS-25 Meagan M. Foley | $1,000.00 | $1,000.00 | Yakama Nation Legends Casino |
| 2:13CR02092-LRS-26 Nasario A. Gonzalez | $2,500.00 | $2,500.00 | Yakama Nation Legends Casino |
| 2:13CR02092-LRS-27 Martin G. Bosquez | $1,500.00 | $1,500.00 | Yakama Nation Legends Casino |
| 2:13CR02092-LRS-28 Cecilio Aldaco, Jr. | $1,000.00 | $1,000.00 | Yakama Nation Legends Casino |
| 2:13CR02092-LRS-29 Samuel D. R. Olney | $1,500.00 | $1,500.00 | Yakama Nation Legends Casino |
| 2:13CR02092-LRS-30 Mark D. Petty | $2,750.00 | $2,750.00 | Yakama Nation Legends Casino |
| 2:13CR02092-LRS-31 Sheila L. Randall | $750.00 | $750.00 | Yakama Nation Legends Casino |
| 2:13CR02092-LRS-32 Paul Reyes | $2,500.00 | $2,500.00 | Yakama Nation Legends Casino |
| 2:13CR02092-LRS-33 Juan R. Rodriguez, Jr. | $1,000.00 | $1,000.00 | Yakama Nation Legends Casino |
| 2:13CR02092-LRS-34 Alexander M. Gallegos | $750.00 | $750.00 | Yakama Nation Legends Casino |
| 2:13CR02092-LRS-35 Laura L. Rodriguez | $1,000.00 | $1,000.00 | Yakama Nation Legends Casino |
| 2:13CR02092-LRS-36 Gabriel L. Limon | $750.00 | $750.00 | Yakama Nation Legends Casino |
| 2:13CR02092-LRS-37 Kennedy G. Tannehill | $750.00 | $750.00 | Yakama Nation Legends Casino |

DEFENDANT: JUAN REYES CORREA
CASE NUMBER: 2:13CR02092-LRS-1

## ADDITIONAL DEFENDANTS AND CO-DEFENDANTS HELD JOINT AND SEVERAL

| Case Number<br>Defendant and Co-Defendant Names<br>(including defendant number) | Total Amount | Joint and Several<br>Amount | Corresponding Payee,<br>If appropriate |
|---|---|---|---|
| 2:13CR02092-LRS-38 Eric C. Kilthau | $1,000.00 | $1,000.00 | Yakama Nation Legends Casino |
| 2:13CR02092-LRS-39 Marty A. Santana | $1,000.00 | $1,000.00 | Yakama Nation Legends Casino |
| 2:13CR02092-LRS-40 Cody N. Thomas | $500.00 | $500.00 | Yakama Nation Legends Casino |
| 2:13CR02092-LRS-41 Brandon J. Hinchey | $1,500.00 | $1,500.00 | Yakama Nation Legends Casino |
| 2:13CR02092-LRS-42 Derrick S. McKinney | $1,000.00 | $1,000.00 | Yakama Nation Legends Casino |

AO 245B    (Rev. 08/09) Judgment in a Criminal Case
         Sheet 6A — Schedule of Payments

Case 2:13-cr-02092-LRS    Document 1771    Filed 04/23/15

Judgment—Page 8 of 8